IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 97 CR 169-4 |
| | ) | |
| ROBERT MEEKS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Robert Meeks and several Chicago Police Department officers participated in a scheme in which Meeks would arrange drug deals and the officers would rob the drug dealers. Meeks was convicted by a jury on two counts of attempted Hobbs Act robbery, 18 U.S.C. § 1951; two counts of using a firearm during the attempted robberies, 18 U.S.C. § 924(c); distributing heroin, 21 U.S.C. § 841(a)(1); conspiracy to commit Hobbs Act robbery, 18 U.S.C. §1951; and conspiracy to deprive others of civil rights under color of law, 18 U.S.C. § 241. Another judge in this District, since retired, sentenced Meeks to 435 months of imprisonment. The same judge later granted Meeks compassionate release, and after that judge retired, this Court granted early termination of supervised release. Meeks has filed a petition for a writ of coram nobis seeking to vacate his section 924(c) convictions. For the reasons stated below, the Court denies Meeks's petition.

**Background**

Gerald Meachum, Tyrone Francies, and Baxter Streets were Chicago Police

Department officers.  Meeks, a civilian drug dealer, set up drug deals so that Meachum,

Francies, and Streets could rob the other drug dealers.  Informed of the drug deals by

Meeks, the three officers arrived during the deals and drew their service revolvers.  The

officers robbed the dealers of thousands of dollars.  Among the "drug dealers" Meeks

identified were federal agents and a confidential informant.

A jury convicted Meeks, Meachum, Francies, and Streets on seven felony

counts:  two counts of attempt to commit a Hobbs Act robbery, 18 U.S.C. § 1951; two

counts of use of a firearm during the attempted robberies, 18 U.S.C. § 924(c);

distributing heroin, 21 U.S.C. § 841(a)(1); conspiracy to commit Hobbs Act robbery, 18

U.S.C. §1951; and conspiracy to deprive others of civil rights under color of law, 18

U.S.C. § 241.

The statute at issue in the present petition, section 924(c), criminalizes the use or

carrying of a firearm during qualifying predicate crimes, specifically, crimes of violence

or drug trafficking crimes.  Section 924(c) defines a crime of violence as a felony that

either "has as an element the use, attempted use, or threatened use of physical force

against the person or property of another" (the elements clause), or "that by its nature,

involves a substantial risk that physical force against the person or property of another

may be used in the course of committing the offense" (the residual clause).  18 U.S.C. §

924(c)(3)(A), (B).  One of the defendants' section 924(c) charges was predicated on

attempted Hobbs Act robbery, and the other section 924(c) offense was predicated on

either attempted Hobbs Act robbery or conspiracy to violate civil rights.

The previously assigned judge sentenced Meachum to 488 months of

imprisonment, Francies and Streets to 408 months, and Meeks to 435 months.  Meeks's

sentence included concurrent terms of 135 months on the Hobbs Act and heroin distribution charges, also concurrent with a term of 120 months on the civil rights conspiracy charge and followed by consecutive terms of 60 months and 240 months on the section 924(c) charges.

Meeks appealed. His conviction was affirmed, and the case was remanded to ensure that material protected by a proffer agreement was not used in calculating his sentence. *See United States v. Meachum*, 182 F.3d 923 (7th Cir. 1999) (unpublished table decision). The district court concluded that the material did not affect Meek's sentence, and the Seventh Circuit affirmed once again. *See United States v. Meeks*, 215 F.3d 1331 (7th Cir. 2000) (unpublished table decision).

In May 2001, Meeks filed a motion to vacate his sentence under 28 U.S.C. § 2255. *See Meeks v. United States*, No. 01 C 3156, 2003 WL 1989653, at *2 (N.D. Ill. Apr. 30, 2003), *aff'd*, 105 F. App'x 834 (7th Cir. 2004). The previously assigned judge concluded that Meeks had procedurally defaulted on all of his claims except a claim based on ineffective assistance of counsel, which the court denied. *Id.* Meeks then filed, in the district where he was then incarcerated, a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He argued that *Johnson v. United States*, 559 U.S. 133 (2010), changed the law and rendered him actually innocent of twice violating 18 U.S.C. § 924(c). The district court disagreed and denied the petition. *Meeks v. Graber*, No. CV 10-0071-TUC-RCC (CRP) 2011 WL 6412561, at *1 (D. Ariz. Dec. 21, 2011). Meeks filed a second section 2241 petition, arguing that he was innocent of violating 18 U.S.C. § 241 by "using or carrying a firearm" under section 924(c) based on *United States v. Colvin*, 353 F.3d. 569 (7th Cir. 2003) (en banc). The district court denied that

3

petition as well. *Meeks v. McClintock*, No. CV-12-00335-TUC-RCC, 2015 WL 4524002, at \*4 (D. Ariz. July 24, 2015).

In 2016, the Seventh Circuit authorized Meeks to file a second section 2255 motion. Meeks filed such a motion in 2019, drawing on *United States v. Davis*, 588 U.S. 445 (2019), which held that the residual clause of section 924(c)(3)(B) was unconstitutionally vague. Meeks further argued that the other definition of a crime of violence provided in section 924(c)(3)(A), the elements clause, did not encompass his predicate offense of conspiracy to commit Hobbs Act robbery. *United States v. Meeks*, No. 16 C 5887 (N.D. Ill. 2016), dkt. 49 at 5–6. Meeks filed an amendment and supplemental filings. The previously assigned judge denied the amended petition in 2022. *Id.,* dkt. 93.

Meanwhile, in 2018, Meeks's co-defendants each filed section 2255 motions challenging their convictions under section 924(c) on the same basis. The district court rejected the argument that attempted Hobbs Act robbery was not a predicate crime of violence for purposes of section 924(c). *United States v. Francies*, No. 16 C 7459, 2019 WL 4120444, at \*5 (N.D. Ill. Aug. 28, 2019), *rev'd and remanded*, No. 19-2672, 2022 WL 2763385 (7th Cir. July 15, 2022). Meeks's co-defendants appealed. They benefited from *United States v. Taylor*, 596 U.S. 845 (2022), which held that attempted Hobbs Act robbery did not qualify as a crime of violence under section 924(c)(3)(A). The Seventh Circuit reversed the denial of the co-defendants' section 2255 motions and remanded with instructions to the district court to vacate the co-defendants' convictions on both section 924(c) charges. *Francies v. United States*, No. 19-2672, 2022 WL 2763385, at \*2 (7th Cir. July 15, 2022). Meeks was not a party to that motion, and thus the judgment

4

on his section 924(c) counts was not vacated.

In 2020, Meeks moved for a sentence reduction under 18 U.S.C. §

3582(c)(1)(A)(1). Dkt. 376. Meeks then withdrew that motion. Dkt. 412, 413. In

October 2021, with the assistance of counsel, he filed another motion seeking a

sentence reduction based on saving the life of another prisoner, rehabilitation, and the

health risks of COVID-19. Dkt. 422. The previously assigned judge reduced Meeks's

sentence to time served. Dkt. 429. In 2023, after the case had been reassigned to the

undersigned judge, Meeks moved for early termination of his supervised release. Dkt.

493. The Court granted the motion. Dkt. 499.

### Discussion

A petition for a writ of coram nobis is "a rare form of collateral attack on a criminal

judgment." *United States v. Delhorno*, 915 F.3d 449, 450 (7th Cir. 2019). Though it

resembles a petition for a writ of habeas corpus and affords the same relief, coram

nobis is available only to defendants who are out of custody and therefore may no

longer petition for habeas corpus. *Id.* at 452. Coram nobis is available to correct factual

and legal errors in criminal cases where the defendant: (1) alleges an error "of the most

fundamental character" that would "render the criminal conviction invalid"; (2) provides

"sound reasons" for his "failure to seek earlier relief"; and (3) demonstrates that he

"continues to suffer from his conviction even though he is out of custody." *Id.* at 453

(internal quotation marks omitted). "It is presumed the proceedings were correct and

the burden rests on the accused to show otherwise." *United States v. Morgan*, 346 U.S.

502, 512 (1954).

"A fundamental error that invalidates a criminal proceeding is one that

undermines our confidence that the defendant is actually guilty."  *United States v. Wilkozek*, 822 F.3d 364, 368 (7th Cir. 2016).  "Only errors of this magnitude justify the cost of putting aside the interest in finality."  *Id.*  Meeks argues that his section 924(c) convictions suffer from a fundamental error by resting on the predicate offense of attempted Hobbs Act robbery, which no longer qualifies as a predicate after *United States v. Taylor*, 596 U.S. 845 (2022).  Meeks demonstrates a fundamental error with respect to his section 924(c) convictions, as those convictions lack a basis after *Taylor*.[1]

Meeks has not, however, provided "sound reasons" for his "failure to seek earlier relief."  *Delhorno*, 915 F.3d at 453 (quoting *Wilkozek*, 822 F.3d at 368).  This case presents a striking disparity:  Meeks and his co-defendants argued in separate section 2255 motions that attempted Hobbs Act robbery was not a predicate crime of violence for a section 924(c) violation.  Those motions were denied.  Meeks's co-defendants appealed the denial of their motions and benefitted from the Supreme Court's decision in *Taylor* when their section 924(c) convictions were vacated by order of the court of

---

[1] The Seventh Circuit has held that the writ of coram nobis is unavailable even if a fundamental error occurred if the indictment charged the defendant with another felony. *See, e.g.*, *Kimberlin v. United States*, No. 21-1691, 2022 WL 59399, at *2 (7th Cir. Jan. 6, 2022) ("[A] *coram nobis* challenge that might eliminate some felony convictions but leaves intact others that yield the same civil disabilities does not warrant relief."); *United States v. Craig*, 907 F.2d 653, 658 n.2 (7th Cir. 1990) ("[I]f an indictment states one valid offense, then no coram nobis relief is available, 'for a single felony conviction supports any civil disabilities[.]'") (quoting *United States v. Keane*, 852 F.2d 199, 205 (7th Cir. 1988)).  Other courts have disagreed.  *See, e.g.*, *Martignoni v. United States*, No. 10 CIV. 6671 JFK, 2011 WL 4834217, at *8 (S.D.N.Y. Oct. 12, 2011) ("[T]he *Keane* decision does not accurately state the proper standard for analyzing a *coram nobis* petition in the Second Circuit.").  As far as the Court can tell, the Seventh Circuit has not addressed the issue in any published precedent in over thirty years.  In any case, although Meeks *was* charged and convicted of other offenses, the issue is not dispositive, as he cannot satisfy the second element for a writ of coram nobis.

appeals.  Meeks, for whatever reason, did not appeal the denial of his section 2255

motion, and he does not explain why.  Although Meeks argues that he could not have

raised a *Taylor* argument before *Taylor* was decided, he in fact did argue in his second

section 2255 motion that attempted Hobbs Act robbery was not a predicate crime of

violence for a section 924(c) violation.  Meeks may not now employ a petition for a writ

of coram nobis to relitigate his section 2255 motion or, more specifically, an issue that

he did not pursue to conclusion in the section 2255 motion.  *See United States v.*

*Hassebrock*, 21 F.4th 494, 498 (7th Cir. 2021).

Finally, Meeks must show a lingering civil disability related to the convictions he

seeks to vacate, specifically the section 924(c) convictions.  A lingering civil disability is

a "present harm" as opposed to past or "purely speculative harm[,]" must arise from the

challenged conviction, and must be "more than incidental."  *See United States v. Craig*,

907 F.2d 653, 658 (7th Cir.), *amended*, 919 F.2d 57 (7th Cir. 1990).  Meeks did not

address any lingering civil disability in his motion, but in his reply, he asserts

generalized reputational harm including "employment and licensing barriers tied to a

'crime-of-violence' label, and database flags affecting housing, insurance, and risk

scoring."  Reply at 2.  Those harms are too speculative to qualify as a disability.  *See*

*Craig*, 907 F.2d at 658–59*.*  Meeks notes that he is subject to a $200 assessment,

which may qualify as a present, concrete harm if it is not incidental.  But even if Meeks

satisfied the third element, he has not shown sound reasons for his failure to seek relief.

Meeks argues that the Court should grant the writ because it is not fair that his

co-defendants' convictions have been vacated pursuant to the appeal of their section

2255 motions.  The Court understands the point:  it seems unfair that Meeks's section

924(c) convictions stand when he did not carry a gun during the robberies and was not

a law enforcement officer, in contrast to his co-defendants, who abused their status as

law enforcement officers and carried their service revolvers during the offenses. The

problem is that Meeks has not satisfied a key element required by the Seventh Circuit;

he has not explained his failure to pursue his earlier section 2255 challenge, which

could have gotten him the relief he sought. Meeks's section 924(c) convictions likely

would have been vacated had he appealed the denial of his second section 2255

motion, but the limited scope of the writ of coram nobis does not allow the Court to

vacate the convictions today.

### Conclusion

For the reasons stated, the Court denies Meeks's petition for writ of coram nobis

[dkt. 507].

_____
MATTHEW F.  KENNELLY
United States District Judge

Date:  December 18, 2025